# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI,<br><br>  Plaintiff,<br><br>  v.<br><br>M. A. BAIRES, et al.,<br><br>  Defendants. | CASE NO. 1:08-cv-00653-AWI-SKO PC<br><br>ORDER (1) DENYING MOTION FOR LEAVE TO DEPOSE NONPARTY BY WRITTEN QUESTIONS AND FOR ISSUANCE OF SUBPOENA DUCES TECUM, WITHOUT PREJUDICE; (2) GRANTING PLAINTIFF A THIRTY-DAY EXTENSION OF TIME TO MAKE REQUISITE SHOWING REGARDING DEPOSITION BY WRITTEN QUESTIONS AND/OR TO SERVE DISCOVERY REQUEST ON DEFENDANTS; AND (3) EXTENDING PRETRIAL DISPOSITIVE MOTION DEADLINE TO MARCH 5, 2012<br><br>(Doc. 29) |

**Order on Plaintiff's Discovery Motion**

**I.    Summary**

Plaintiff Alex Lamota Marti, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2008.  This action is proceeding on Plaintiff's amended complaint against Defendants Baires, Garza, and Knight for retaliation, in violation of the First Amendment of the United States Constitution.  On March 17, 2011, Plaintiff filed a motion seeking leave to conduct the deposition of a nonparty witness by written questions and for the issuance of a subpoena duces tecum.  Defendants did not file a response.

**II.   Deposition by Written Questions**

A deposition by written questions must be conducted in compliance with Rule 31 of the Federal Rules of Civil Procedure.  Depositions by written questions entail more than mailing

questions to the deponents and awaiting their written responses.  The Court will direct the Clerk's Office to send Plaintiff a copy of Rule 31.  If, after reviewing the rule, Plaintiff believes he is able to depose Correctional Officer R. F. Couch in compliance with the rule, Plaintiff shall notify the Court within thirty days and make a showing, under penalty of perjury, that he is able and willing to retain and compensate an officer to take responses and prepare the record.  Fed. R. Civ. P. 31(b).  At that juncture, the Court will determine what course of action is needed to facilitate the deposition.

**III.    Subpoenas Duces Tecum**

Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends.

The Court will grant Plaintiff thirty days within which to serve Defendants with a request for the production of documents and/or tangible things, limited to the documents and/or things sought from Correctional Officer R. D. Couch.  This action is proceeding on Plaintiff's First Amendment retaliation claims and Plaintiff is reminded that he is limited to seeking documents and/or things which are relevant to his legal claims.  Fed. R. Civ. P. 26(b)(1).

**IV.    Discovery and Pretrial Dispositive Motion Deadlines**

The deadline for the completion of all discovery was September 24, 2011, and the deadline for filing pretrial dispositive motions is December 5, 2011.  In light of the resolution of Plaintiff's discovery motion as set forth herein and in the separate but concurrently issued order addressing Plaintiff's motions to compel, Plaintiff has been granted limited additional time to complete

///

discovery on the issues subject to the orders. As a result, it is necessary to extend the pretrial dispositive motion deadline to March 5, 2012, to allow for the completion of all discovery.

**V.    Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a copy of Rule 31 of the Federal Rules of Civil Procedure;

2. Plaintiff's motion for leave to depose a nonparty witness by written questions and for the issuance of a subpoena duces tecum, filed on March 17, 2011, is DENIED, without prejudice;

3. Plaintiff has **thirty (30) days** from the date of service of this order within which to (1) make the requisite showing regarding his ability to depose Correctional Officer R. D. Couch by written questions and/or (2) serve Defendants with a request for the production of documents and/or tangible things; and

4. In light of the rulings on Plaintiff's discovery motions, the deadline for filing pretrial dispositive motions is extended from December 5, 2011, to March 5, 2012, to allow for the completion of all discovery.

IT IS SO ORDERED.

**Dated:    October 7, 2011**             /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE