1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9

| | |
|---|---|
| ALEX LAMOTA MARTI, | CASE NO. 1:08-cv-00653-AWI-SKO PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL AND MOTION TO DETERMINE SUFFICIENCY OF RESPONSES |
| v. | |
| M. A. BAIRES, et al., | (Docs. 50-57 and 62) |
| Defendants. | ORDER REQUIRING DEFENDANT BAIRES TO FILE RFA RESPONSE WITHIN TEN DAYS OR RFAS WILL BE DEEMED ADMITTED |
| _____/ | (Doc. 54) |

10
11
12
13
14
15
16
17
18

**Order Granting in Part and Denying in Part Motions to Compel
and to Determine Sufficiency of Responses**

19
20

I.    **Procedural History**

21
       A.    **Summary of Plaintiff's Claims**

22
              Plaintiff Alex Lamota Marti, a state prisoner proceeding pro se and in forma pauperis, filed

23
this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2008.  This action is proceeding on

24
Plaintiff's amended complaint against Defendants Baires, Garza, and Knight for retaliation, in

25
violation of the First Amendment of the United States Constitution.  (Docs. 12, 13.)

26
              In his amended complaint, Plaintiff alleges that on May 11, 2006, he was released from

27
administrative segregation (ad-seg) at California Substance Abuse Treatment Facility and State

28

1

Prison after being retained there for 267 days.[1]  Plaintiff filed multiple grievances during that time and his release was the direct result of a grievance.  Plaintiff was returned to Facility D, housing unit D-2, where he had been housed prior to his placement in ad-seg.

On May 31, 2006, Defendants had Plaintiff placed back in ad-seg based on false information, in retaliation against him for filing grievances.  Plaintiff remained in ad-seg until May 26, 2007.

Defendant Garza allegedly prepared the ad-seg placement report, which he knew was based on false information.  Defendant Knight joined Defendant Garza in presenting the false information, and Defendant Baires ordered Plaintiff's placement in ad-seg, despite knowing the information was false.  As a result of their actions, Plaintiff was in ad-seg for 360 days and then transferred to Salinas Valley State Prison, which is a higher security prison.

## B.   Summary of Pending Discovery Motions and Relevant History

Pending before the Court are Plaintiff's (1) three motions to compel responses interrogatories (ROGs) and requests for the production of documents and a tangible thing (PODs), and (2) three motions to determine the sufficiency of the responses to his requests for admission (RFAs), eight of which were filed on November 28, 2011, and one of which was filed on December 27, 2011.  Fed. R. Civ. P. 37(a).  (Docs. 50-57, 62.)

Plaintiff previously filed motions to compel on April 20, 2011, April 21, 2011, and August 12, 2011.  (Docs. 31-38, 42.)  Those motions were denied without prejudice in an order filed on October 11, 2011.  (Doc. 44.)  Plaintiff had moved to compel responses to his discovery requests served on February 23, 2011, and Defendants represented that they had timely served their responses to Plaintiff's three sets of ROGs and three sets of RFAs, one set of each for each Defendant, on April 5, 2011.   Regarding Plaintiff's two motions to compel responses to his PODs, Defendants represented that they had never received any PODs.

The Court ordered Defendants to re-serve their discovery responses to the ROGs and RFAs, and to serve an initial response to Plaintiff's POD as to production of a tangible thing, which was

---

[1] That period of confinement is subject to a separate civil rights lawsuit, Marti v. Padilla, et al., case number 1:07-cv-00066-LJO-GSA PC.  United States v. Howard, 381 F.3d 873, 876, n.1 (9th Cir. 2004).

attached as Exhibit A to document 34 and Exhibit 1 to document 42.  Plaintiff was granted a thirty-day extension of time to file a motion to compel, if necessary.

In a separate order filed on October 11, 2011, the Court denied Plaintiff's motion for the issuance of a subpoena duces tecum, filed on March 17, 2011, without prejudice. Fed. R. Civ. P. 45. (Docs. 29, 45.)  Plaintiff sought the production of documents and a tangible thing from Correctional Officer R. D. Couch, a non-party.  The Court granted Plaintiff thirty days within which to serve a POD seeking from Defendants the documents and tangible things he desired to seek from Officer Couch.

On November 28, 2011, Plaintiff filed three motions to compel responses to his ROGs, three motions to determine the sufficiency of the responses to his RFAs, and two motions to compel responses to his PODs, all of which were subject to the Court's order requiring Defendants to re-serve their previous responses to Plaintiff's ROGs and RFAs and to serve an initial response to Plaintiff's PODs.[2]  (Docs. 50-57.)  Defendants filed an opposition to the motions on December 12, 2011, and Plaintiff filed a reply on January 11, 2012.  (Docs. 60, 65.)

On December 27, 2011, Plaintiff filed another motion to compel, in which he sought a response to his POD seeking the documents and tangible thing that had been subject to his motion for a subpoena duces tecum as to Officer Couch.[3]  (Doc. 62.)  Defendants did not file a response to that motion.

Plaintiff's nine motions have been submitted upon the record and they are resolved by this order.  Local Rule 230(l).

**II.**     **Motions to Compel and to Determine Sufficiency of Responses**

    **A.**     **Introduction**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which otherwise would apply, including initial disclosure and the need to meet and confer in good faith prior to

---

[2] Identified hereinafter as ROGs and RFAs, set one, and PODs, sets one and two.

[3] Identified hereinafter as POD, set three.

involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 26, Discovery and Scheduling Order, ¶5.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D.Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D.Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D.Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D.Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, pro se or not and state prisoner or not, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1) (quotation marks omitted).

1   Relevant information need not be admissible at the trial if the discovery appears reasonably

2   calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

3        Generally, if the responding party objects to a discovery request, the party moving to compel

4   bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson,

5   No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL

6   6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29,

7   2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar.

8   27, 2008).  This requires the moving party to inform the Court which discovery requests are the

9   subject of the motion to compel, and, for each disputed response, why the information sought is

10  relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799,

11  at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL

12  860523, at *4.

13       In this instance, while there are deficiencies with respect to Plaintiff's motions to compel and

14  his fulfillment of that initial burden, there are even greater deficiencies with Defendants' responses

15  to Plaintiff's discovery requests.  The Court is vested with broad discretion to manage discovery and

16  given what amounts to Defendants' almost complete, unjustifiable obstruction of the discovery

17  process, as detailed in the sections that follow, the Court elects to reach the merits of Plaintiff's

18  motions to compel to the extent possible. Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir.

19  2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v.

20  Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

21       **B.    Interrogatories, Set One**

22            **1.    Legal Standard**

23       An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and

24  an interrogatory is not objectionable merely because it asks for an opinion or contention that relates

25  to fact or the application of law to fact. Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties

26  are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P.

27  33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4); Davis v.

28

1   Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981).  The responding party shall use common sense and

2   reason.  E.g., Collins v. Wal-Mart Stores, Inc., No. 06-2466-CM-DJW, 2008 WL 1924935, *8 (D.

3   Kan. Apr. 30, 2008).  A responding party is not generally required to conduct extensive research in

4   order to answer an interrogatory, but a reasonable effort to respond must be made.  L.H. v.

5   Schwarzenegger, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sep. 21, 2007).

6   Further, the responding party has a duty to supplement any responses if the information sought is

7   later obtained or the response provided needs correction.  Fed. R. Civ. P. 26(e)(1)(A).

8                    **2.    Defendant Baires**[4]

9        **ROG 1:** "State the names and ranks of all officials, including but not limited to the names

10   and ranks of all members of the Investigative Services Unit (ISU), that had any involvement in the

11   events of May 31, 2006 that resulted in the placement of Plaintiff in Administrative Segregation.

12   This includes the names and ranks of any officials that were present in any capacity at Facility D at

13   the time of Plaintiff's segregation on May 31, 2006."[4]

14        **Response:** Defendant Baires objected that ROG 1 is vague, ambiguous, unintelligible,

15   overbroad, and compound; he is not able to respond to it as phrased; it assumes facts and lacks

16   foundation; and it "seeks information and documents which may fall outside the information known

17   and/or available to the responding individual defendants."  (Doc. 55, Ex. B, court record p. 23, lns.

18   20-22.)  Defendant also objected "on the ground and to the extent that it is entirely irrelevant to the

19   issues of this action and is not reasonably calculated to lead to the discovery of admissible or relevant

20   information."  (Id., p. 23, lns. 22-24.)

21        **Ruling:** In their very brief opposition, Defendants summarized the relevant procedural

22   history and, as to all eight pending motions, argued, "Defendants served substantive good-faith

23   objections, as well as responses, to the subject discovery.  Many of the requests were ambiguous in

24   their language, compound and overbroad, or sought inadmissible and not relevant information.

25

26        [4] Doc. 55, Motion to Compel, Exs. A and B.

27        [4] Plaintiff's ROGs, RFAs, and PODs are reproduced verbatim without corrections for grammatical or
     typographical errors.

28

However, the objections stated in Defendants' responses are clearly set forth and are self-explanatory.  None of the objections were taken or stated in bad faith or to avoid discovery.  Where the request/interrogatory was proper, a response is provided." (Doc. 60, Opp., p. 3, lns. 16-21.)

The Court disagrees.  The position taken by Defendants in their discovery responses and in their opposition is untenable, virtually without exception.  Nor is this the first occasion in which conduct of this type by counsel has been at issue.  In Mitchell v. Felker, the district court addressed conduct substantially similar to that which this Court now addresses and it stated:

> In early January 2010, Defendants responded to Mr. Mitchell's discovery.  They produced no documents, and they offered no substantive response to any interrogatory.  Their responses consisted entirely of objections.  The objections, in turn, were wholly non-substantive, almost entirely boilerplate, and sometimes nonsensical.  Mr. Mitchell's discovery requests were brief and clear; yet every objection insisted that they were vague or unintelligible.  Defendants often objected that a particular request "assumes facts," whatever that might mean.  Defendants contended that Mr. Mitchell sought documents or information subject to the attorney client privilege, but did not produce a privilege log or otherwise explain that objection. In short, Defendants' responses served only to obstruct discovery; no good faith basis for the objections is apparent.

Mitchell,  2010 WL 3835765, at *1.

The district court then reproduced "the entirety of the substance of [Defendants'] opposition," as follows:

> Defendants served substantive good-faith objections to the subject discovery.  Many, if not most, of the requests were ambiguous in their language, compound, and overbroad.  However, the objections stated in Defendants' responses are clearly set forth and are self-explanatory.  None of the objections were taken or stated in bad faith or to avoid discovery.  The request and interrogatories were stated in unclear language and were largely compound.

Mitchell,  2010 WL 3835765, at *2.

This Court now faces virtually identical discovery responses and opposition arguments.  This litigation tactic is not tolerable and any such conduct in the future will result in the imposition of sanctions.  Defendants failed to use reason and common sense and they failed to make a good-faith effort to respond to Plaintiff's discovery requests.  As a result, the Court is now embroiled in the minutiae of the parties' discovery disputes, a situation which is unacceptable and which was entirely avoidable had Defendants conducted themselves in the manner anticipated by and required by the Federal Rules of Civil Procedure.  Asea, Inc., 669 F.2d at 1246.

1    Turning to Defendant Baires' objections to ROG 1, boilerplate objections do *not* suffice and

2    there is no ground upon which to reasonably argue otherwise. Fed. R. Civ. P. 33(b)(4); <u>Davis</u>, 650

3    F.2d at 1160; <u>Mitchell</u>,  2010 WL 3835765, at *1.

4    In addition to their lack of specificity, Defendant's boilerplate objections are almost entirely

5    inapposite.  ROG 1, while not as worded as precisely as it might have been by an attorney, is not

6    vague, ambiguous, or unintelligible, and Defendant could have and should have made a reasonable

7    effort to respond.  ROG 1 also does not "assume facts," whatever Defendant intended that to mean,

8    and lack of foundation is not a proper objection to a discovery request.  <u>Woodall v. California</u>, No.

9    1:08-cv-01948-OWW-DLB PC, 2010 WL 4316953, at *2 (E.D.Cal. Oct. 22, 2010).

10   Further, objecting that a ROG calls for information which *may* fall outside that known by or

11   available to the responding party is indefensible.  Defendant is obligated to make a reasonable effort

12   to respond, and he may not deflect a ROG because he *might* not be able to answer it.

13   Finally, Defendant's objection *to the extent* the ROG seeks irrelevant information or "is not

14   reasonably calculated to lead to the discovery of admissible or relevant information" is also

15   meritless.  (Doc. 55, Ex. B, p. 23, lns. 22-24.)  The information sought either is or is not subject to

16   a good faith objection on relevancy grounds.  Defendant may not object that it *may* be irrelevant.

17   Here, Plaintiff's claims against Defendants arise from their involvement in his placement in ad-seg

18   on May 31, 2006, and there is *no* legitimate basis for objecting to this ROG on relevancy grounds.

19   Further, the information sought does not need to be admissible.  Fed. R. Civ. P. 26(b)(1).  The

20   information need only be reasonably calculated to lead to the discovery of admissible evidence, and

21   here, the information sought clearly falls within the scope of discovery.  <u>Id.</u>

22   Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response

23   is granted.

24   **ROG 2:** "State the type, number and location of all reports, notes, and other documents that

25   you prepared or caused others to prepared pertaining to the events of May 31, 2006 that caused

26   Plaintiff to be placed in Administrative Segregation, and Plaintiff's retention till May 18, 2007,

27   including but not limited to any and all reports, notes, and other documents pertaining or referring

28

8

to Plaintiff's transfer to Salinas Valley State Prison."

**Response:** Defendant objected that ROG 2 is vague, ambiguous, unintelligible, overbroad, and compound; he is not able to respond to it as phrased; it assumes facts and lacks foundation; and it "seeks information and documents which may fall outside the information known and/or available to the responding individual defendants." (Doc. 55, Ex. B, court record p. 24, lns. 4-6.) Defendant also objected "to the extent that the interrogatory calls for information and/or evidence that is protected from disclosure because it falls within the attorney work product doctrine and the right to privacy." (Id., lns. 6-9.)

**Ruling:** Regarding Defendant's bare assertion of privacy, the objection falls well below the standard set for successfully claiming a right, an interest, or a privilege, shielding the discovery from disclosure. Seattle Times Co., 467 U.S. at 35 n.21; Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149; Soto, 162 F.R.D. at 616. Similarly lacking is Defendant's bare, unsupported assertion of attorney work product doctrine. United States v. Ritchie, 632 F.3d 559, 567-68 (9th Cir. 2011); Hernandez v. Tanninen, 604 F.3d 1095, 1100 (9th Cir. 2010).

Defendant's boilerplate objections are overruled in their entirety and Plaintiff's motion to compel a response is granted. The interrogatory is compound, however, and it shall count as three interrogatories. Defendant shall respond to 2(a) as it relates to the events of May 31, 2006, resulting in Plaintiff's placement in ad-seg; 2(b) as it relates to Plaintiff's retention in ad-seg between May 31, 2006, and May 26, 2007, and 2(c) as it relates to Plaintiff's transfer to Salinas Valley State Prison in May 2007.

**ROG 3:** "Describe in detail the confidential information received on May 31, 2006, and contained in the confidential memorandum authored by Defendant J. Garza and dated May 31, 2006, used to place Plaintiff in Administrative Segregation."

**Response:** Defendant claimed that there was no ROG 3 served with the first set of interrogatories.

**Ruling:** Assuming the page containing ROG 3 was missing from the set served on February 23, 2011, it was provided twice by Plaintiff in support of his motions to compel. (Doc. 33, court

record p. 10; Doc. 55, court record p. 15.)

Plaintiff's motion to compel a response to ROG 3 is granted.

**ROG 4:** "Describe in detail your participation in the events of May 31, 2006, including but not limited to, any orders that you gave, officials that you summoned, reports that you prepared including any Program Status Report (PSR) that you prepared or that were prepared, modifications to the normal program that you ordered or recommended such as lockdowns and modified programs, and any and all confiscation of property."

**Response:** Defendant objected to ROG 4 on the same grounds as he did to ROG 1. In addition, Defendant objected to the extent the ROG seeks information that is protected by the privacy rights of correctional officers and staff under the California Constitution, the California Penal Code, and common law; and to the extent it seeks information protected by the attorney work product doctrine and the right to privacy.

**Ruling:** Where the grounds cited for resisting discovery purportedly involve an invasion of privacy, a privilege, and/or a threat to institutional safety or security, the reliance on boilerplate objections is nothing short of perplexing. If there exists a *legitimate* privacy interest, privilege, or threat to institutional safety and security, prudence dictates that boilerplate objections not be relied upon. See e.g., Bernat v. City of California City, No. 1:10-cv-00305 OWW JLT, 2010 WL 4008361, at *6 (E.D.Cal. Oct. 12, 2010) ("Though federal courts recognize a general right to privacy, the resolution of a privacy objection requires balancing of the need for the particular information against the privacy right asserted.") (citing Soto, 162 F.R.D. at 621); Carmichael Lodge No. 2103, Benevolent and Protective Order of Elks of the United States of America v. Leonard, No. CIV S-07-2665 LKK GGH, 2009 WL 1118896, at *4 (E.D.Cal. Apr. 23, 2009) ("If the privilege is worth preserving, it is worth being identified in a privilege log - and the Federal Rules *require* such."). Of the avenues of relief available, vague, unsupported objections are not among them. Fed. R. Civ. P. 26(c); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149; Carmichael Lodge No. 2103, 2009 WL 1118896, at *4-6; Soto, 162 F.R.D. at 616. If there is *no* legitimate basis to resist discovery, the attempt to evade disclosure through reliance on boilerplate objections is an abuse of the discovery

process.

Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 5:** "Describe in detail the role played by Plaintiff's Sony AM/FM/CD Radio in the confidential information received on May 31, 2006, and contained in the confidential memorandum authored by J. GARZA and dated May 31, 2006."

**Response:** Defendant objected to ROG 5 on the same grounds as he did to ROG 1.  In addition, Defendant objected to the extent ROG 5 seeks information protected by the attorney work product doctrine and the right to privacy.

**Ruling:**  Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 6:** "Describe in detail any and all steps that you took on or around May 31, 2006, including but not limited to any and all orders that you gave for inspections and searches of Plaintiff's Sony AM/FM/CD Radio, and any and all of Plaintiff's personal property, and or any searches, whether visual or of any other kind, of Plaintiff's cell 149 in Building 2, Facility D, 149, while acting in your official capacity as a result of having received the confidential information described in the confidential memorandum authored by Defendant J. Garza and dated May 31, 2006."

**Response:** Defendant objected to ROG 6 on the same grounds as he did to ROG 5.

**Ruling:**  Defendant's boilerplate objections are overruled and Plaintiff's motion a response is granted.

**ROG 7:** "State the name of all persons that you spoke with pertaining to the events of May 31, 2006, whether you spoke with any of them on the day of Plaintiff's placement in administrative segregation, or on any other day after Plaintiff's segregation on May 31, 2006, pertaining to said event as claimed in the First Amended Complaint.  This includes all officials, all civilian personnel, and all inmates, including the confidential informant.  State the names and dates in which you spoke to each person."

1    **Response:** Defendant objected to ROG 7 on the same grounds as he did to ROG 4.

2    **Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel

3    a response is granted.

4    ### 3.    <u>Defendant Knight</u>[5]

5    **ROG 1:** "State the names of all officials, including but not limited to the names and ranks

6    of all members of the Investigative Services Unit (ISU), that had any involvement in the events of

7    May 31, 2006 that resulted in the placement of Plaintiff in Administrative Segregation.   This

8    includes the names and ranks of any officials that were present in any capacity at Facility D at the

9    time of Plaintiff's segregation on May 31, 2006."

10   **Response:** Defendant Knight objected on the same grounds as given for Baires ROG 1.

11   **Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel

12   a response is granted.

13   **ROG 2:** "Describe in detail the confidential information received on May 31, 2006, and

14   contained in the confidential memorandum authored by Defendant J. Garza and dated May 31, 2006

15   used to place Plaintiff in Administrative Segregation."

16   **Response:** Defendant objected that the ROG is vague, ambiguous, unintelligible, overbroad,

17   and compound; he is not able to respond to it as phrased; it assumes facts and lacks foundation; and

18   it "seeks information and documents which may fall outside the information known and/or available

19   to the responding individual defendants."  (Doc. 53, court record p. 21, lns. 4-6.)  Defendant also

20   objected on privacy grounds that "the interrogatory calls for information or evidence that is protected

21   from disclosure by the privacy rights and safety of confidential informants and/or inmates." (<u>Id.</u>, p.

22   21, lns. 7-8.)

23   **Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel

24   a response is granted.

25   **ROG 3:** "Describe in detail your participation in the events of May 31, 2006, including but

26   not limited to the name and rank of all officials that gave you any orders, any reports that your

---

[5] Doc. 53, Motion to Compel, Exs. A and B.

prepared, and any and all other activities that you engaged in reference to the placement of Plaintiff in segregation."

**Response:** Defendant objected on the same grounds as given for Baires ROG 4.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 4:** "Describe in detail the role played by Plaintiff's Sony AM/FM/CD Radio in the confidential information received on May 31, 2006, and contained in the confidential memorandum authored by Defendant J. Garza and dated May 31, 2006."

**Response:** Defendant objected on the same grounds as given for Baires ROG 5.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 5:** "Describe in detail any and all steps that you took on or around May 31, 2006, including but not limited to any and all inspections and searches of Plaintiff's Sony AM/FM/CD Radio, and all of Plaintiff's personal property, and or any searches, whether visual or of any other kind, of Plaintiff's cell 149 in Building 2, Facility D, 149, as a result of the confidential information received on May 31, 2006, contained in the confidential memorandum authored by Defendant J. Garza and dated May 31, 2006."

**Response:** Defendant objected on the same grounds as given for Baires ROG 5.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 6:** "State the name of all persons you spoke with pertaining to the events of May 31, 2006, whether you spoke with any of them on the day of Plaintiff's placement in administrative segregation on May 31, 2006, or on any other day after Plaintiff's segregation, pertaining to said event as claimed in the First Amended Complaint.  This includes all officials, all civilian personnel, and all inmates, including the confidential informant.  State the names and dates on which you spoke to each person."

**Response:** Defendant objected on the same grounds as given for Baires ROG 4.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

### 4. Defendant Garza[6]

**ROG 1:** "State the names and ranks of all officials, including but not limited to the names and ranks of all members of the Investigative Services Unit (ISU), that had any involvement in the events of May 31, 2006 that resulted in the placement of Plaintiff in Administrative Segregation. This includes the names and ranks of any officials that were present in any capacity at Facility D at the time of Plaintiff's segregation on May 31, 2006."

**Response:** Defendant Garza objected on the same grounds as given for Baires ROG 1.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 2:** "Describe in detail the confidential information that you received on May 31, 2006 from which you prepared the confidential memorandum dated May 31, 2006 used to place Plaintiff in Administrative Segregation."

**Response:** Defendant objected on the same grounds as given for Knight ROG 2.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 3:** "State the type, number and location of all reports, notes, and other documents that you prepared or caused others to prepared pertaining to the events of May 31, 2006 that caused Plaintiff to be placed in Administrative Segregation, and Plaintiff's retention till May 18, 2007, including but not limited to any and all reports, notes, and other documents pertaining or referring to Plaintiff's transfer to Salinas Valley State Prison."

**Response:** Defendant objected on the same grounds as given for Baires ROG 4.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted. The interrogatory is compound and shall count as three interrogatories. Defendant shall respond to 3(a) as it relates to the events of May 31, 2006, resulting in Plaintiff's

---

[6] Doc. 50, Motion to Compel, Exs. A and B.

placement in ad-seg; 3(b) as it relates to Plaintiff's retention in ad-seg between May 31, 2006, and May 26, 2007, and 3(c) as it relates to Plaintiff's transfer to Salinas Valley State Prison in May 2007.

**ROG 4:** "Describe in detail your participation in the preparation of the confidential memorandum dated September 2, 2005, that also placed Plaintiff in administrative segregation till May 11, 2006."

**Response:** Defendant objected on the same grounds as given for Baires ROG 5.

**Ruling:** Defendant's boilerplate objections are overruled with the exception of relevancy. The relevancy of Plaintiff's prior ad-seg term, which is the subject of a separate lawsuit, is not apparent to the Court and Plaintiff has made no showing of the relevancy.  Therefore, Plaintiff's motion to compel a further response is denied.

**ROG 5:** "Describe in detail the role of Plaintiff's Sony AM/FM/CD Radio in the confidential information received by you on May 31, 2006."

**Response:** Defendant objected on the same grounds as given for Baires ROG 5.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**ROG 6:** "Describe in detail any and all steps that you took on or around May 31, 2006, including but not limited to any and all inspections and searches of Plaintiff's Sony AM/FM/CD Radio, and any and all of Plaintiff's personal property, and or any searches, whether visual or of any other kind, of Plaintiff's cell 149 in Building 2, Facility D, 149, while acting in your official capacity as a result of having received the confidential information described in your confidential memorandum dated May 31, 2006."

**Response:** Defendant objected on the same grounds as given for Baires ROG 4.

**Ruling:** Defendant's boilerplate objections are overruled and Plaintiff's motion to compel a response is granted.

**C.**      **Requests for Admission, Set One**

**1.**      **Legal Standard**

"A party may serve on any other party a written request to admit, for purposes of the pending

action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents. " Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice, e.g., Thompson v. Yates, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D.Cal. Nov. 29, 2011); Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc., No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D.Nev. Aug. 29, 2011); Palladini v. City of Milpitas, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D.Cal. Apr. 16, 2008); Medina v. U.P.S., No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D.Cal. Jul. 23, 2007); Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D.Nev. Apr. 26, 2007); A. Farber & Partners, Inc. v. Garber, 237 F.R.D. 250, 255 (C.D.Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." Id.

As discussed below, Plaintiff's motions to determine the sufficiency of Defendants' responses are mostly meritorious and where they are, Defendants shall serve amended answers.  The Court declines to order the matters deemed admitted at this juncture, as Plaintiff requests, but Defendants are warned that if their amended responses are subject to a future motion to determine the sufficiency and the Court again finds non-compliance with Rule 36, boilerplate objections, and/or a lack of good faith in responding, the consequence will be the imposition of sanctions, which may

include an order that the matters are admitted. Fed. R. Civ. P. 36(a)(6); Asea, Inc., 669 F.2d at 1247. The Court will not countenance any party's effort to obstruct discovery through objections or evasive responses which lack any good faith basis. Marchand v. Mercy Med. Cntr., 22 F.3d 933, 938 (9th Cir. 1994); In re TFT-LCD (Flat Panel) Antitrust Litigation, No. M 07-1827 SI, 2011 WL 3566419, at *5 (N.D.Dist. Aug. 12, 2011); Mitchell, 2010 WL 3835765, at *1.

## 2.    Defendant Baires[7]

Plaintiff moves to compel a response to the RFAs served on Defendant Baires on February 23, 2011.  Pursuant to the order filed on October 11, 2011, Defendant was to re-serve his responses within fifteen days.  Although Plaintiff received letter containing the other discovery responses, Defendant Baires' response to his RFAs was missing.  (Doc. 54, Ex. B.)  Plaintiff alerted Defendant's counsel by letter and then filed a motion to compel.  (Id., Ex. C.)

In opposition, Defendants asserted that in response to Plaintiff's letter, they again mailed him a copy of the response. (Doc. 60-2, Ex. B.)  In his reply, Plaintiff states that he has still not received the response. (Doc. 65, Marti Dec., ¶¶11-12.)

Whatever the cause of this ongoing problem, it will be remedied through the filing of the RFA responses with the Court within ten days; the failure to file the response within ten days result in the matters being deemed admitted.  After the response has been filed, the Court will serve a copy on Plaintiff.  Prior to the filing of a motion to determine the sufficiency of the responses, if any, the parties are required to comply with the new requirements governing their discovery disputes, set forth in section III.

## 3.    Defendant Knight[8]

**RFA 3:** "ADMIT that Exhibit 1 is a copy of the Administrative Segregation Unit Placement Notice CDC 114-D served by you on Plaintiff on May 31, 2006."

**Response:** Defendant Knight stated he was unable to admit or deny this request because the copy quality was so poor that the document was unintelligible.

---

[7] Doc. 54.

[8] Doc. 52, Exs. A and B.

**Ruling:** The Court concurs that the copy quality is so poor that the document is largely illegible. (Doc. 52, Ex. A-1.) Therefore, Defendant's response was appropriate and Plaintiff's motion for relief is denied.

**RFA 5:** "ADMIT that Exhibit 2 is a copy of the Confidential Information Disclosure Form, CDC 1030, that you served on Plaintiff on May 31, 2006."

**Response:** Defendant again objected on grounds of poor copy quality.

**Ruling:** The copy of this document is clearly legible. (Id., Ex. A-2.) Defendant's objection is not justified and he is required to serve an amended answer.

**RFA 7:** "ADMIT that on June 14, 2006 you served Plaintiff with a Confidential Disclosure Form, CDC 1030."

**Response:** Defendant stated that he does not recall what date he served Plaintiff with Exhibit 3 (Confidential Disclosure Form, CDC 1030), but he admitted the listed disclosure date is June 14, 2006, indicating he provided it to Plaintiff on or around June 14, 2006.

**Ruling:** Regarding the date, Defendant failed to comply with Rule 36(a)(4), which requires the statement that a reasonable inquiry was made and the information he knows or can readily obtain is insufficient to enable him to admit or deny. Fed. R. Civ. P. 36(a)(4); Asea, Inc., 669 F.2d at 1245-47; Ameripride Serv., Inc. v. Valley Indus. Serv., Inc., No. CIV 2:00-0113-LKK-JFM, 2011 WL 1321873, at *2 (E.D.Cal. Apr. 1, 2011). Plaintiff's motion is granted and Defendant is required to serve an amended answer. Defendant is reminded that a reasonable inquiry entails a good faith investigation. Ameripride Serv., Inc., 2011 WL 1321873, at *2.

**RFA 8:** "ADMIT that Exhibit 3 is a copy of the Confidential Disclosure Form, CDC 1030, that you served on Plaintiff on June 14, 2006."

**Response:** Defendant admitted that Exhibit 3 is a copy of the CDC 1030 concerning Plaintiff, which indicates a "date disclosed" of June 14, 2006.

**Ruling:** Defendant is required to respond to the substance of Plaintiff's request and if he is not able to admit it in its entirety, he is required to specifically address the portion(s) not admitted. Fed. R. Civ. P. 36(a)(4); Asea, Inc., 669 F.2d at 1245-47; Ameripride Serv., Inc., 2011 WL 1321873,

at *2.  Plaintiff's motion is granted and Defendant is required to serve an amended answer.

**RFA 9:** "ADMIT that on June 14, 2006 you reported to Plaintiff as his Investigative Employee."

**Response:** Defendant objected to "reported to" as vague and ambiguous, but he stated he interviewed Plaintiff on June 7, 2006, and informed Plaintiff that he was an investigative employee.

**Ruling:** Defendant could have and should have used common sense and reason in defining "reported to" and then qualified his answer accordingly if necessary; Defendant's response cites a different date than that given by Plaintiff, without any explanation; and Defendant's response is evasive in terms of "an investigative employee" versus *the* investigative employee assigned *to* Plaintiff.  Fed. R. Civ. P. 36(a)(4).  Plaintiff's motion is granted and Defendant is required to serve an amended answer.

**RFA 10:** "ADMIT that on June 14, 2006 Plaintiff presented you with a ten (10) page request dated June 8, 2006."

**Response:** Defendant stated he is unable to admit or deny the date because he does not recall the date Plaintiff presented him with any request.  Defendant admitted receiving from Plaintiff written documents containing questions Plaintiff wanted to ask witnesses.

**Ruling:** Defendant's response is not sufficient.  Fed. R. Civ. P. 36(a)(4); <u>Asea, Inc.</u>, 669 F.2d at 1247; <u>Ameripride Serv., Inc.</u>, 2011 WL 1321873, at *2.  Plaintiff's motion is granted and Defendant is required to serve an amended answer.

**RFA 11:** "ADMIT that Exhibit 4 is a copy of the ten (10) page request dated June 8, 2006, presented to you by Plaintiff on June 14, 2006."

**Response:**  Defendant stated he is unable to admit or deny the date because he does not recall the date Plaintiff presented him with any request.  Defendant admitted receiving from Plaintiff written documents containing questions Plaintiff wanted to ask witnesses, but stated he does not have access to the documents at this time and is unable to admit or deny the document attached.

**Ruling:** Defendant's response is not sufficient.  Plaintiff's motion is granted and Defendant is required to serve an amended answer.

1   **RFA 12:** "ADMIT that on June 14, 2006 Plaintiff presented you with a second request letter

2   dated June 11, 2006."

3   **Response:** Defendant stated he is unable to admit or deny the date because he does not recall

4   the date Plaintiff presented him with any request.  Defendant admitted receiving from Plaintiff

5   written documents containing questions Plaintiff wanted to ask witnesses.

6   **Ruling:** Defendant's response is not sufficient.  Plaintiff's motion is granted and Defendant

7   is required to serve an amended answer.

8   **RFA 13:** "ADMIT that Exhibit 5 is a copy of the request letter dated June 11, 2006 presented

9   to you by Plaintiff on June 14, 2006."

10   **Response:** Defendant stated he is unable to admit or deny the date because he does not recall

11   the date Plaintiff presented him with any request.  Defendant admitted receiving from Plaintiff

12   written documents containing questions Plaintiff wanted to ask witnesses.

13   **Ruling:** Defendant's response is not sufficient.  Plaintiff's motion is granted and Defendant

14   is required to serve an amended answer.

15   **RFA 16:** "ADMIT that you were assigned by the ICC to complete a second investigative

16   employee's report as Plaintiff's I.E."

17   **Response:** Defendant admitted being assigned as an Investigative Employee regarding

18   Plaintiff and preparing reports.

19   **Ruling:** Defendant's response is not sufficient.  Defendant is required to admit or deny the

20   request as framed by Plaintiff, and while he may quality his response if necessary, he may not evade

21   responding to the substance of the request.  Fed. R. Civ. P. 36(a)(4); Asea, Inc., 669 F.2d at 1245;

22   Ameripride Serv., Inc., 2011 WL 1321873, at *2.  Plaintiff's motion is granted and Defendant is

23   required to serve an amended answer.

24   **RFA 17:** "ADMIT that Exhibit 7 is a copy of a letter request dated July 11, 2006 prepared

25   by Plaintiff from which you worked to complete your second investigative employee's report."

26   **Response:** Defendant stated he is unable to admit or deny the date because he does not recall

27   the date Plaintiff presented him with any request.  Defendant admitted receiving from Plaintiff

28

written documents containing questions Plaintiff wanted to ask witnesses.  Defendant stated he does not have access to the documents at this time and he is unable to admit or deny the document attached.

**Ruling:** Defendant's response is not sufficient.  Plaintiff's motion is granted and Defendant is required to serve an amended answer.

### 4.   **Defendant Garza**[9]

#### a.   **RFAs 2-4 and 6-7**

**RFA 2:** "ADMIT that on May 31, 2006 you were assigned as the California Substance Abuse Treatment Facility and State Prison (CSTAF-SP) Facility D's Work Crew (Yard Crew) supervisor."

**Response:** Defendant Garza admitted that on May 31, 2006, he was employed by the Department of Corrections and Rehabilitation at CSATF-SP.

**Ruling:** Plaintiff's motion is granted and Defendant is required to serve an amended answer addressing Plaintiff's request for admission *in full*.  Fed. R. Civ. P. 36(a)(4); Asea, Inc., 669 F.2d at 1247; Ameripride Serv., Inc., 2011 WL 1321873, at *2.

**RFA 3:** "ADMIT that as a Work crew supervisor one of your duties was to supervise inmates assigned to the work crew."

**Response:** Defendant objected that the request is vague and ambiguous, and he is not able to respond to it as phrased; and that the request seeks information which is not relevant and which is not "reasonably designed to lead to the discovery of admissible and/or relevant information." (Doc. 51, court record p. 34, ln. 3.)  Defendant also objected that the request "seeks information which is protected from discovery by Defendant's privacy rights."  (Id., p. 34, ln. 4.)

**Ruling:** Defendant's boilerplate objections are overruled.  Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149; Soto, 162 F.R.D. at 621.  Plaintiff's motion is granted and Defendant is required to serve an amended answer.

**RFA 4:** "ADMIT that inmate Allen Davidson, prison number (CDC #) K-80206 was assigned to the yard crew on May 31, 2006."

---

[9] Doc. 51, Exs. A and B.

**Response:** Defendant objected that the request is vague, ambiguous, and overbroad; and that it seeks information which is not relevant and which is not "reasonably designed or calculated to lead to the discovery of admissible and/or relevant information." (Doc. 51, p. 34, lns. 13-14.) Defendant also objected that the request seeks information protected from discovery "by the privacy rights of individuals, including but not limited to inmates not parties to this action," and by confidentiality and "real safety concerns of inmates who are not parties to this action." (Id., p. 34, lns. 8-11.)

**Ruling:** Defendant's boilerplate objections are overruled. Plaintiff's motion is granted and Defendant is required to serve an amended answer admitting or denying this fact. Fed. R. Civ. P. 36(a)(4).

**RFA 6:** "ADMIT that you received confidential information on May 31, 2006 from a confidential source that was a prison inmate."

**Response:** Defendant objected that the request seeks information which is not relevant and which is not "reasonably designed or calculated to lead to the discovery of admissible and/or relevant information." (Doc. 51, p. 34, lns. 23-24.) Defendant further objected that the request seeks information which is confidential, implicates safety concerns of third parties, and is protected by third parties' privacy rights.

**Ruling:** Defendant's boilerplate objections are overruled. Plaintiff's motion is granted and Defendant is required to serve an amended answer admitting or denying this fact. Fed. R. Civ. P. 36(a)(4).

**RFA 7:** "ADMIT that the confidential source that provided you with the confidential information was an inmate assigned to Facility D's Yard Crew."

**Response:** Defendant objected on the same grounds as with RFA 6, in addition to objecting that the request is vague, ambiguous, and overbroad as to timeframe.

**Ruling:** Defendant's boilerplate objections are overruled. Plaintiff's motion is granted and Defendant is required to serve an amended answer admitting or denying this fact. Fed. R. Civ. P. 36(a)(4). Defendant has the option of qualifying his response as to timeframe if appropriate, and given the nature of Plaintiff's claim and the preceding and following requests for admission,

admitting or denying the request as limited to May 31, 2006, would appear reasonable and in good faith as contemplated by the applicable rules. Fed. R. Civ. P. 36(a)(4); <u>Marchand</u>, 22 F.3d at 936.

### b.    **RFAs 8-12 and 17**

**RFA 8:** "ADMIT that on May 31, 2006, you were this confidential informant's supervisor."

**RFA 9:** "ADMIT that the confidential informant that provided you with the confidential information on May 31, 2006 as stated on Exhibit 1 is inmate Allen Davidson."

**RFA 10:** "ADMIT that the confidential information that you received on May 31, 2006, included allegations that Plaintiff was manufacturing a slashing/stabbing device."

**RFA 11:** "ADMIT that the confidential informant told you that this slashing/stabbing device was being manufactured by Plaintiff with the metal plate that was part of Plaintiff's Radio."

**RFA 12:** "ADMIT that the confidential informant told you specifically that the weapon was already in the process of being manufactured with the metal plate that was a part of Plaintiff's Radio."

**RFA 17:** "ADMIT that on May 31, 2006, you became aware that the confidential informant had lied to you."

**Response:**  Defendant objected to RFAs 8-12 and 17 on the same grounds as he did to RFA 6.

**Ruling:**  Defendant's boilerplate objections are overruled.  Plaintiff's motion is granted and Defendant is required to serve amended answers admitting or denying these facts.  Fed. R. Civ. P. 36(a)(4).

### c.    **RFAs 18-21**

**RFA 18:** "ADMIT that on May 31, 2006, you became aware that Plaintiff's radio was intact."

**RFA 19:** "ADMIT that on May 31, 2006, you became aware that the Radio that was removed from Plaintiff's cell had its metal plate affixed to it."

**Response:** Defendant objected that the request is vague, ambiguous, and unintelligible, and he is unable to respond to it as phrased.  Defendant also objected that the request lacks foundation and seeks information which falls outside of the information known and/or available to him.

**Ruling:** Defendants' boilerplate objections are overruled.  Plaintiff's motion is granted and Defendant shall serve an amended answer to RFAs 18 and 19.

**RFA 20:** "ADMIT that on May 31, 2006, you became aware that no weapon was being manufactured by Plaintiff."

**RFA 21:** "ADMIT that on May 31, 2006, you became aware that no slashing/stabbing device was recovered from Plaintiff."

**Response:** Defendant objected to RFAs 20 and 21 on the same grounds as he did to RFAs 18 and 19, but without waiving his objections, Defendant denied RFAs 20 and 21.

**Ruling:** Plaintiff's motion is denied.  Despite the use of unavailing boilerplate objections, Defendant denied RFAs 20 and 21 and Plaintiff must accept those answers.  If Plaintiff later proves these matters to be true, his recourse is to seek reasonable expenses incurred in making that proof. Fed. R. Civ. P. 37(c)(2); <u>Marchand</u>, 22 F.3d at 937-38.

### d.    RFAs 22 and 34-39

**RFA 22:** "ADMIT that the confidential information that you received on May 31, 2006 as stated in your confidential memorandum dated May 31, 2006 included that name of Correctional Officer W. W. Williams as the target of a Battery."

**RFA 34:** "ADMIT that the information that you received on May 31, 2006 from the confidential informant had at that time no corroboration."

**RFA 35:** "ADMIT that you are aware that no corroboration was ever found for the confidential information provided to you on May 31, 2006."

**RFA 36:** "ADMIT that you did not issue a Rules Violation Report to Plaintiff based on the confidential information that you received on May 31, 2006."

**RFA 37:** "ADMIT that the confidential information provided to you on May 31, 2006 was not true.

**RFA 38:** "ADMIT that you could not issue an RVR to Plaintiff because the confidential information provided to you on May 31, 2006 was false.

**RFA 39:** "ADMIT that the confidential memorandum prepared by you dated September 2,

2005 was used to place Plaintiff in administrative segregation."

**Response:** Defendant objected to RFAs 22 and 34-39 on the same grounds as he did to RFA 6.

**Ruling:** Defendant's boilerplate objections are overruled, with the exception of the relevancy objection to RFA 39. As to RFAs 22 and 34-38, Plaintiff's motion is granted and Defendant is required to serve amended answers admitting or denying these facts. Fed. R. Civ. P. 36(a)(4). As to RFA 39, Plaintiff's motion is denied. This RFA appears to relate to Plaintiff's 2005 placement in ad-seg, which is not relevant. To the extent it does relate to the placement at issue in this action, the relevancy is not apparent and Plaintiff has not met his burden of demonstrating the relevancy.

### e. <u>RFAs 23, 24, 27, and 31</u>

**RFA 23:** "ADMIT that on August 2005, you were assigned to that CSATF-SP Facility D GYM."

**RFA 24:** "ADMIT that on September 2, 2005, you were assigned to the CSATF-SP Facility D GYM."

**RFA 27:** "ADMIT that on August 26, 2005, you became aware that a confidential informant provided information that included that mexican and white inmates in the Facility D gymnasium were planning to assault a Correctional Officer in the Facility D Gymnasium."

**RFA 31:** "ADMIT that you assisted in the preparation of a confidential memorandum dated September 2, 2005."

**Response:** Defendants objected to these requests on the grounds that they seek information protected from discovery by his privacy rights, and they seek information which is not relevant and which is not "reasonably designed or calculated to lead to the discovery of admissible and/or relevant information." (Doc. 51, pp. 39-40.)

**Ruling:** Defendant's boilerplate privacy objections are overruled. Plaintiff's motion is denied, however, because the relevancy of this information is not apparent.

1

      **f.**    **RFAs 25 and 26**

2       **RFA 25:** "ADMIT that on August 2005, Correctional Officer F. Ramirez was assigned to the

3  CSTAF-SP Facility D GYM."

4       **RFA 26:** "ADMIT that on September 2, 2005, Correctional Officer F. Ramirez was assigned

5  to the CSTAF-SP Facility D GYM."

6       **Response:** Defendants objected to these requests on the grounds that they seek information

7  protected from discovery by privacy rights, and they seek information which is not relevant and

8  which is not "reasonably designed or calculated to lead to the discovery of admissible and/or relevant

9  information." (Doc. 51, p. 39.)  Defendant also objected that the requests lack foundation and seek

10  information which falls outside of the information known and/or available to him.

11       **Ruling:** Defendant's boilerplate privacy, lack of foundation, and lack of information

12  objections are overruled.  Plaintiff's motion is denied, because the relevancy of this information is

13  not apparent.

14      **g.**    **RFAs 28-30 and 32-33**

15       **RFA 28:** "ADMIT that you were aware that a Program Status Report (PSR) dated August

16  26, 2005 was prepared by Defendant M. A. Baires (Attached as Exhibit 2 is a true and correct copy

17  of the Prgram Status Report (PSR) dated August 26, 2005)."

18       **RFA 29:** "ADMIT that you were aware that a PSR dated August 29, 2005 was prepared by

19  Defendant M. A. Baires (Attached as Exhibit 3 is a true and correct copy of the PSR dated August

20  29, 2005)."

21       **RFA 30:** "ADMIT that the threat reported by the confidential informant as entered on the

22  Remarks section of Exhibits 2 and 3 was a threat directed to Correctional Officer F. Ramirez."

23       **RFA 32:** "ADMIT that the confidential memorandum described in the Confidential

24  Information Disclosure Form (CDC 1030) attached as Exhibit 4 was the one that you prepared with

25  Correctional Officer W. W. Williams on September 2, 2005."

26       **RFA 33:** "ADMIT that the threat received from a confidential informant on September 2,

27  2005, was directed against Correctional Officer F. Ramirez."

28

**Response:** Defendant objected to these requests on the grounds that they seek information protected from discovery by privacy rights, and they seek information which is not relevant and which is not "reasonably designed or calculated to lead to the discovery of admissible and/or relevant information." (Doc. 51, pp. 40-41.)  Defendant also objected that the requests are vague and ambiguous.

**Ruling:** Defendant's boilerplate privacy, vagueness, and ambiguity objections are overruled. Plaintiff's motion is denied, however, because the relevancy of this information is not apparent.

### h.   RFAs 40-42

**RFA 40:** "ADMIT that you did not disciplined the confidential informant that provided you the confidential information on May 31, 2006."

**RFA 41:** "ADMIT that although you became aware that the informant lied to you on May 31, 2006, you did not disciplined him (the confidential informant)."

**RFA 42:** "ADMIT that May 31, 2006 was the second time that you prepared a confidential memorandum used to place Plaintiff in Administrative Segregation."

**Response:**  Defendant objected that the requests seek information which is not relevant and which is not "reasonably designed or calculated to lead to the discovery of admissible and/or relevant information." (Doc. 51, pp. 43-44.)  Defendant further objected that the requests seek information which is confidential, implicates safety concerns of third parties, and is protected by third parties' privacy rights; and that the requests are vague, ambiguous, and unintelligible.

**Ruling:** Defendant's boilerplate objections are overruled.  Plaintiff's motion is granted and Defendant is required to serve amended answers admitting or denying these facts.  Fed. R. Civ. P. 36(a)(4).

### i.   RFAs 43 and 44

**RFA 43:** "ADMIT that on May 31, 2006 you inspected Plaintiff's Sony Radio."

**Response:** Defendant stated he is unable to admit or deny the request because he does not recall (1) the date or (2) whether he inspected the radio on that date.

**Ruling:** Defendant's response failed to comply with Rule 36(a)(4).  Plaintiff's motion is

granted and Defendant shall serve an amended answer.

**RFA 44:** "ADMIT that on May 31, 2006 after inspecting Plaintiff's Sony Radio you immediately became aware that your confidential informant had lied to you."

**Response:** Defendant stated he is unable to admit or deny the request in part because he does not recall (1) the date or (2) whether he inspected the radio on that date. Defendant denied the remainder of the request.

**Ruling:** Defendant's response failed to comply with Rule 36(a)(4). Plaintiff's motion is granted and Defendant shall serve an amended answer.

D.   **Production of Documents and Tangible Thing and Issuance of Subpoenas Duces Tecum**

1.   **Motion to Compel**

a.   **Legal Standard**

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample the following items in the responding party's possession, custody or control: any designated documents or tangible things. Fed. R. Civ. P. 34(a)(1) (quotation marks omitted). "Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand." Allen v. Woodford, No. CV-F-05-1104 OWW LJO, 2007 WL 309945, *2 (E.D.Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995)); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D.Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D.Cal. Mar. 19, 2010).

In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D.Cal. Mar. 9, 2010). If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to

allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. <u>Ochotorena v. Adams</u>, No. 1:05-cv-01525-LJO-DLB (PC), 2010 WL 1035774, at *3-4 (E.D.Cal. Mar. 19, 2010).  As with previously discussed forms of discovery, boilerplate objections do not suffice.  Fed. R. Civ. P. 34(b)(2)(B), (C); <u>Burlington N. & Santa Fe Ry. Co.</u>, 408 F.3d at 1149.

### b.   Set One, Served February 23, 2011[10]

**POD1:** "All reports, incident reports, evaluations, criminal justice information, all documents generated pertaining to Plaintiff's segregation as effected on May 31, 2006, and all events related to said placement in administrative segregation, including, but not limited to all events that occurred while Plaintiff was housed in Administrative Segregation Unit (ASU) at the California Substance Abuse Treatment Facility and State Prison (CSATF-SP) at Corcoran, California, between May 31, 2006 and May 18, 2006.  This request includes all administrative appeals (CDC 602 Forms) filed as a prisoner appellant, and any and all written statements, originals or copies, identifiable as reports pertaining to Plaintiff made by any and all Defendants and any and all prison and civilian employees or the California Department of Corrections and Rehabilitation (CDCR) in regards to any and all administrative appeals and or staff misconduct complaints filed by Plaintiff, including all documents held at the CSATF-SP Appeals Coordinator's Office."

**POD 2:** "All written statements, originals or copies, identifiable as reports pertaining to Plaintiff made by any and all Defendants, and any and all prison and civilian employees and or the CDCR, and any and all prisoner witnesses, including any and all prisoners acting as confidential informants pertaining to any and all incidents, investigations, or allegations made against Plaintiff, including but not limited to Plaintiff's stay at the CSATF-SP's ASU as applicable between the period of May 31, 2006 till May 26, 2007, as described in this action, including Plaintiff's final transfer to the Salinas Valley State Prison (SVSP) on May 18, 2006, and his subsequent placement in SVSP's Administrative Segregation Unit till Plaintiff's final release on May 26, 2007."

**POD 3:** "All written statements, originals or copies identifiable as reports pertaining to

---

[10] Doc. 56, Exs. A and B.

Plaintiff made by any and all Defendants, and or any and all prisoner witnesses, including any and all prisoners acting as confidential informants, made before, during and after any disciplinary reports, regardless of the outcome of any such hearings were ever held.  This request includes but is not limited to any and all personal notes pertaining to any and all rules violation reports prepared by any and all prison employees, senior hearing officers, confidential informants, institutional security unit (ISU) investigators, including but not limited to ISU officer R. Couch, classification committee staff, administrative appeals' reviewers, and any and all Defendants, and any and all prison employees or the CDCR."

POD 4: "Any and all rules, regulations and policies including but not limited to memoranda generated by the CSATF-SP pertaining to Plaintiff's rules violation reports (RVR), investigations, and all rules, regulations, policies pertaining to retaliation against inmates for filing grievances, and or accessing the courts, including but not limited to any instances of retaliation against Plaintiff at all times relevant to this action."

POD 5: "All documents that evidence, mention, or refer to Plaintiff's conduct or disciplinary history, at CSATF-SP during the relevant period as described in this action.  All records, logs, or any and all segregation housing units' records, including but not limited to any and all CDC 114 and CDC 114As Logs prepared pertaining to Plaintiff's segregation periods at CSATF-SP that are in the possession, custody or control of Defendants or any other prison or civilian employees or the CDCR relevant to this action and applicable to the events as described in this action.  This request includes and is directed to secure the production of the Administrative Segregation Log, CDC 114, and the CDC 114A, Detention/Segregation Records as described under the California Code of Regulations (CCR) Section 3344, subsections (a) and (b)."

POD 6: "All documents written that contain, mention, construe or refer to any and all of the Defendants, individually and or collectively, whether formal or informal, official or unofficial, including inmate, staff, and civilian grievances, complaints and appeals, including all responses to such documents prepared by any and all Defendants and any and all prison and or civilian employees or the CDCR, filed against any and all Defendants, whether classified as staff misconduct

complaints, and or any departmental disciplinary actions, criminal, or any grievances that resulted in disciplinary actions or not against any and all Defendants that are in the possession, custody or control of the CDCR or any of its agents or any other state or federal agency."

**POD 7:** "All documents that contain, mention, construe, or refer to any agreement or arrangement according to which an insurance company, or any person or entity will guaranty, act as a surety for, or otherwise bear any responsibility for litigation this action, including but no limited to paying the Defendants attorney's fees, costs, or out of pocket expenses, or paying any monetary or injunctive relief ordered as part of a court or consent judgment."

**POD 8:** "Any and all administrative appeals and or staff misconduct complaints filed by any prisoners against any and all Defendants for any and all placement in administrative segregation of any prisoner done as retaliatory action/s against the prisoner/s appellant/s-complainant/s."

**POD 9:** "All complaints filed by any civilians or prisoners against any and all Defendants with any agency, and or the CDCR, whether said complaints were substantiated or not."

**POD 10:** "All documents, including but not limited to all written statements, originals or copies, identifiable as reports, that evidence, mention, or refer to Plaintiff's Sony AM/FM/CD Clock-Radio, alternatively described as a Sony VOICE plus, and or Sony 3D Sound System ICD-CD 873, Serial Number 1042775, or any other incorrectly entered serial number, a sound system issued to Plaintiff as his personal property by staff on February 2001."

**POD 11:** "All documents, including but not limited to all written statements, original or copies, identifiable as reports, that evidence, mention, or refer to information disclosed on the Confidential Disclosure Form (CDC 1030) dated May 31, 2006, that informed Plaintiff that "On Wednesday, May 31st, 2006, confidential information was received The confidential source stated, that you, Inmate Marti (H-19004), are in the process of manufacturing a slashing/stabbing device to be used to commit Battery on another person/staff on Facility 'D."

**POD 12:** "The confidential memorandum dated 05/31/2006, authored by Defendant J. Garza located in the Confidential section in Marti's [Plaintiff's] Central File as described in the CDC 1030 Form referred to in ¶ 1."

**POD 13:** "All documents, including but not limited to all written statements, originals or copies, identifiable as reports, that evidence, mention, or refer to any and all information provided by any and all confidential informants, including but not limited to inmate Allen Lynn Davidson, CDCR Number K-80206, that acting as a Confidential Informant, provided confidential information to Defendants and or other prison officials on or around May 31, 2006, and at other times relevant to this action."

**POD 14:** "All documents, including but not limited to all written statements, originals or copies, identifiable as reports, including but not limited to items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations, or any said items of evidence that describe all special treatment, encouragement, or any other forms of compensation that Allen Lynn Davidson, or that any other confidential informant received from Defendants, or that any other confidential received from Defendants or any other officials or civilian employees for providing any confidential information used by the Defendants to place Plaintiff in ASU on May 31, 2006, retain Plaintiff for a total of 360 days in ASU, and to effect Plaintiff's transfer to SVSP."

**POD 15:** "All documents, including but not limited to all written documents, originals or copies, identifiable as reports, that Defendant Knight prepared as a result of having been assigned as Plaintiff's Investigative Employee (I.E.) on June 7, 2006, and during the times relevant to this action, as described in the First Amendment Complaint, including but not limited to Defendant Knight's interviews of the following witnesses, Correctional Officer Palmer, Sergeant Smith, ISU Office R. Couch, Defendant J. Garza, the Confidential Informant, Inmate Amador, Inmate Davidson, Inmate Perry, Correctional Counselor II, L. Smart, Defendant M. A. Baires, ISU Officer C. Lane, Defendant S. Knight [interview done by Defendant S. Knight to himself], and a second interview of Defendant M. A. Baires, and inmate Goodman."

**POD 16:** "The CDC 128B dated July 18, 2006, and the Confidential Memorandum dated July 11, 2006, and all documents, including but not limited to all written statements, originals or copies, identifiable as reports that evidence, mention or refer to the aforementioned documents."

**POD 17:** "All documents, including but not limited to all written statements, originals or

32

copies, identifiable as reports prepared by ISU Officer R. Couch during the course of the investigation conducted by said official pertaining to the events as they relate to the claims raised in Plaintiff's First Amended Complaint and as the investigations conducted pertaining to Plaintiff."

**POD 18:** "All documents, including but not limited to all written statements, originals or copies, identifiable as reports of any investigations conducted pertaining to Plaintiff during the time relevant to the First Amendment Complaint, as conducted by any and all officials, civilian employees, or any other persons that acted as investigators relating to any and all claims as raised in Plaintiff's First Amended Complaint."

**POD 19:** "All documents, including but not limited to all written statements, originals or copies, identifiable as reports, or any tapes, recordings, or other type of documents that evidence, mention, or refer to Plaintiff's interview as conducted by ISU Officer Couch on July 15, 2006."

**POD 20:** "All documents, including but not limited to all written statements, originals or copies, identifiable as reports, that evidence, mention, or refer to any and all interviews, or any and all interrogations conducted by ISU Officer Couch or any other investigator with any confidential informant, including but not limited to Allen Lynn Davidson, and all other witnesses, in the course of any and all investigations relating to Plaintiff's placement in ASU on May 31, 2006, and his continuous retention and eventual transfer on May 18, 2007."

**POD 21:** "All photographs taken in the course of the investigation by ISU, and any and all other investigations, that depict that Sony AM/FM/CD Clock-Radio removed from Plaintiff's cell on May 31, 2006 by ISU investigators and any and all Defendants, and any other photographs taken in the course of the investigation conducted by ISU or any and all other investigations conducted as the result of Plaintiff's placement in ASU on May 31, 2006, including but not limited to any and all photographs of Plaintiff's cell at the time of his placement in ASU on May 31, 2006, or at any other time related to this action."

**POD 22:** "All documents, including but not limited to all written statements, originals or copies, identifiable as reports, that evidence, mention, or refer to all searches conducted on Plaintiff's cell, including but not limited to any searches of Plaintiff's property as conducted on May 31, 2006,

or any other dates relating to Plaintiff's placement in ASU and the claims raised in Plaintiff's First Amended Complaint.  This documents include but are not limited to all documents, including CDCR official Forms that evidence, mention or refer to any search and or confiscations of Plaintiff's property, or the search of Plaintiff's cell by any and all officials, staff and or ISU investigators including all Defendants in this case."

**POD 23:** "All other documents, items of evidence, or sworn or unsworn statements or affidavits that relate to the allegations made in Plaintiff's First Amended Complaint."

**Responses to PODS 1-23:** Defendants inserted a general objection to all 23 discovery requests on the grounds of attorney-client privilege, attorney work product doctrine and /or the right to privacy, including financial, under the Constitution.  For each of the 23 requests, Defendants then separately objected that the requests are vague, ambiguous, and unintelligible; they are not able to respond to the requests as phrased; the requests are overbroad, compound, assume facts, and lack foundation; and each request "seeks information and documents which may fall outside information known and/or available to the responding individual defendants." (Doc. 56, court record pp. 29-43.) Defendants also objected "on the ground and to the extent that it is entirely irrelevant to the issues of this action and is not reasonably calculated to lead to the discovery of admissible or relevant information." (Id.)  Finally, Defendants objected to the extent the requests seek information that is protected by the privacy rights of correctional officers and staff under the California Constitution, the California Penal Code, and common law; and to the extent the requests seek information protected by the attorney work product doctrine and the right to privacy.

**Ruling:** While Plaintiff's PODs are much less clear than his ROGs and RFAs, Defendants relied on boilerplate objections, made no good faith attempt to respond, and produced no documents. Regardless of the deficiencies in the PODs, Defendants' blanket refusal to produce a single document is not acceptable.  Fed. R. Civ. P. 34; Asea, Inc., 669 F.2d at 1246.

Defendants' boilerplate objections are overruled and Plaintiff's motion to compel is granted to the extent he is entitled to further responses.  However, given that many if not most of the PODs are convoluted, to say the least, the parties are required to *meet and confer by telephone* and make

a good faith effort to resolve the dispute over these PODs.  Defendants' counsel is required to arrange for the telephone call(s) and to bear any costs associated with the call(s).  If the parties are unable to resolve their dispute, they are required to file a joint statement, to be prepared and filed by Defendants' counsel, which complies with Local Rule 251(c).

In attempting to resolve the discovery dispute over the documents sought, Plaintiff's expectations must be reasonable and he is limited to seeking documents that are within the scope of discovery.  Fed. R. Civ. P. 26, 34.  Plaintiff is not entitled to engage in a fishing expedition.  Rivera v. NIBCO, Inc., 364 F.3d 1057, 1072 (9th Cir. 2004).

Plaintiff's PODs are, in part, overbroad and seek irrelevant information.  Plaintiff is limited to seeking documents relevant to his First Amendment retaliation claim against Defendants, which in turn is limited to Plaintiff's placement in ad-seg on May 31, 2006, retention in ad-seg until May 26, 2007, and transfer to Salinas Valley State Prison, to the extent Defendants were involved in those events.  Plaintiff is not entitled to the production of documents which are not reasonably calculated to lead to the discovery of admissible evidence.  For example, Plaintiff is not entitled to the production of all grievances filed against Defendants by inmates or to the production of all misconduct-related documents. (Doc. 56, Ex. A, PODs 6, 8.)  Such requests are extremely broad and clearly seek information which it outside the permissible scope of discovery.  It is not clear that Plaintiff is entitled to the production of any such documents, but it is clear that he is not entitled to the far-reaching production he seeks.

### c.   Set Two, Served February 23, 2011[11]

**POD 1:** "Plaintiff requests that Defendants produce this tangible thing (the Sony Sound System Serial Number 1042775) with its metal base plate for Plaintiff's inspection, in the same exact manner in which it was removed by ISU on May 31, 2006."

**Response:** Defendants objected that the request is vague, ambiguous, unintelligible, overbroad, and compound; it assumes facts and lacks foundation; and they are unable to respond to it as phrased.  Defendants also objected to the extent the request is irrelevant and not "reasonably

---

[11] Doc. 57, Exs. A and C.

calculated to lead to the discovery of admissible or relevant information." (Doc. 57, p. 28, lns. 5-6.) Finally, Defendants objected that the request seeks evidence which may not be available for inspection and seeks an item which is not available to Defendants.

**Ruling:** Defendants' boilerplate objections are overruled and Plaintiff's motion is granted to the extent that he is entitled to a further response. The parties shall meet and confer in a good faith effort to resolve this dispute and it is subject to the requirements and admonitions sets forth in the preceding subsection addressing PODs 1-23.

### d.     Set Three, Served October 20, 2011[12]

In the order filed on October 11, 2011, the Court denied Plaintiff's motion for the issuance of a subpoena duces tecum to Correctional Officer R. D. Couch and granted Plaintiff thirty days within which to serve on Defendants a request for the production of documents and/or tangible things, limited to the documents or things Plaintiff desired to seek from Officer Couch. (Doc. 45, Order, 2:18-22.) Plaintiff served his POD, set three, on October 20, 2011, and on October 26, 2011, Defendants served a response identical to the response they served for POD, set two. (Doc. 62, Motion, Exs. A, B.)

**POD 1:** "All documents prepared by Correctional Officer R. D. Couch during the course of the investigation that R. D. Couch conducted on the claim against Plaintiff. This request for production of documents from R. D. Couch, comprehends the time frame starting on May 31, 2006, the date of Plaintiff's placement in the Administrative Segregation Unit (ASU) and the beginning of Couch's investigation, to the date of Plaintiff's release from ASU on May 26, 2007, after Plaintiff's transfer to the Salinas Valley State Prison at Soledad, California."

**Response:** Defendants objected that the request is vague, ambiguous, unintelligible, overbroad, and compound; it assumes facts and lacks foundation; and they are unable to respond to it as phrased. Defendants also objected to the extent the request is irrelevant and not "reasonably calculated to lead to the discovery of admissible or relevant information." (Doc. 62, p. 16, lns. 5-6.) Finally, Defendants objected that the request seeks evidence which may not be available for

---

[12] Doc. 62, Exs. A and B.

36

inspection and seeks an item which is not available to Defendants.

**POD 2:** "Produce Plaintiff's SONY AM/FM/CD Clock radio, ICF-CD873 also described as SONY 3D SOUND SYSTEM VOICE PLUS, SERIAL # 1042775.  Plaintiff requests that the Defendants produce this tangible thing (the Sony Sound System Serial Number 1042775) with its metal base plate for Plaintiff's inspection, in the same exact manner in which it was removed by Investigative Services Unit Officer R. D. Couch on May 31, 2006."

**Response:** None.

**Ruling:** Defendants' boilerplate objections to POD 1 are overruled and Plaintiff's motion is granted as to POD 1 and POD 2 to the extent he is entitled to a further response.  The parties shall meet and confer in a good faith effort to resolve these disputes and they are subject to the requirements and admonitions sets forth in the subsection (b) addressing PODs 1-23.

## 2.      Motions for Issuance of Subpoena Duces Tecum

In conjunction with two of his motions to compel, Plaintiff seeks the issuance of a subpoena duces tecum commanding Defendants to produce documents and his Sony radio for inspection. (Docs. 57, 62.)

As Plaintiff was previously advised,

> Subject to certain requirements, Plaintiff is entitled to the issuance of a subpoena commanding the production of documents or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or tangible things sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena. Alternatively, if the Court rules that the documents are not discoverable, the inquiry ends.

(Doc. 45, Order, 2:8-17.)

As an initial matter, to the extent Defendants have possession, custody or control over the radio, Rule 34 is the proper vehicle by which to gain an inspection of the radio.  In this context, a subpoena duces tecum under Rule 45 would be issued to obtain documents or tangible things from a non-party.  Fed. R. Civ. P. 45(a)(1)(A).

Despite Plaintiff's attempt to demonstrate otherwise, resolution of the parties' dispute over the production of the radio for inspection is not final. Therefore, Plaintiff's motions for the issuance of a subpoena duces tecum are denied as premature.

**III.     Requirements Applicable to Future Discovery Disputes**

All future discovery disputes, including those involving the matters at issue in this order, are subject to the following requirements. The parties are required to meet and confer in a good faith effort to resolve any discovery disputes which arise. The parties may alert one another to the existence of a dispute necessitating a conference by letter, but the conference itself must be in person or by telephone. Defendants' counsel is responsible for setting up the conference and for bearing any associated costs.

If the parties are unable to resolve the dispute in whole or in part, they must file a joint statement regarding the discovery disagreement, in compliance with Local Rule 251(c). The Court will provide Plaintiff with a copy of the rule, but Defendants' counsel will bear the burden of preparing and filing the joint statement.

In responding to discovery requests, the parties are required to exercise due diligence and to make a reasonable, good faith effort to respond. The failure to do so and/or the failure to comply with the terms of this order will result in the imposition of sanctions deemed appropriate.

**IV.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1.     Plaintiff's motions to compel responses to his ROGs and RFAs, filed on November 28, 2011, are GRANTED in part and DENIED in part as follows:

     a.     GRANTED as to Baires ROGs 1-7;

     b.     GRANTED as to Knight ROGs 1-6;

     c.     GRANTED as to Garza ROGs 1-3 and 5-6;

     d.     DENIED as to Garza ROG 4;

     e.     GRANTED as to Knight RFAs 5, 7-13, and 16-17;

     f.     GRANTED as to Garza RFAs 2-4, 6-12, 17-19, 22, 34-38, and 40-44;

g.    DENIED as to Knight RFA 3; and

h.    DENIED as to Garza RFAs 20, 21, 23-33, and 39;

2.    Defendants have **thirty (30) days** from the date of service of this order within which to serve their responses to Plaintiff's ROGs and amended answers to Plaintiff's RFAs;

3.    Defendant Baires has **ten (10) days** from the date of service of this order within which to file his responses to Plaintiff's RFAs, set one, with the Court;

4.    Plaintiff's motions to compel responses to his PODs, sets one-three, filed on November 28, 2011, and December 27, 2011, are GRANTED in part and DENIED to the extent that Defendants' boilerplate objections are overruled and Plaintiff is entitled to further responses, subject to requirements set forth in section II(D)(1)(b);

5.    The parties are required to meet and confer in person or by telephone regarding PODs sets one-three, as set forth in section II(D)(1)(b), within **thirty (30) days** from the date of service of this order;

6.    If the parties are unable to resolve their dispute regarding PODs sets one-three after meeting and conferring, they have **forty-five (45) days** from the date of service of this order to file a joint statement in compliance with Local Rule 251(c);

7.    Plaintiff's motions for the issuance of subpoenas duces tecum, filed on November 28, 2011, and December 27, 2011, are DENIED as premature;

8.    As set forth in section III, the parties are required to meet and confer in person or by telephone in a good faith effort to resolve all discovery disputes and if they are unable to resolve the dispute, they are required to file a joint statement regarding the disagreement, in compliance with Local Rule 251(c); and

9.    The Clerk's Office shall send Plaintiff a copy of Local Rule 251.

IT IS SO ORDERED.

Dated:   **June 5, 2012**                           /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE