# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | CASE NO. 1:08-cv-00653-AWI-SKO PC |
| Plaintiff, | ORDER ADDRESSING PLAINTIFF'S DECLARATION REGARDING HIS INABILITY TO DEPOSE OFFICER R. D. COUCH |
| v. | |
| M. A. BAIRES, et al., | (Doc. 79) |
| Defendants. | |

Plaintiff Alex Lamota Marti, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2008. This action is proceeding on Plaintiff's amended complaint against Defendants Baires, Garza, and Knight for retaliation, in violation of the First Amendment of the United States Constitution.

On October 11, 2011, the Court issued an order denying Plaintiff's motion for leave to conduct the deposition of a nonparty witness by written questions and stated:

> A deposition by written questions must be conducted in compliance with Rule 31 of the Federal Rules of Civil Procedure. Depositions by written questions entail more than mailing questions to the deponents and awaiting their written responses. The Court will direct the Clerk's Office to send Plaintiff a copy of Rule 31. If, after reviewing the rule, Plaintiff believes he is able to depose Correctional Officer R. [D]. Couch in compliance with the rule, Plaintiff shall notify the Court within thirty days and make a showing, under penalty of perjury, that he is able and willing to retain and compensate an officer to take responses and prepare the record. Fed. R. Civ. P. 31(b). At that juncture, the Court will determine what course of action is needed to facilitate the deposition.

(Doc. 45, 1:27-2:6.)

///

1    Plaintiff subsequently sought a number of extensions of time and assistance with his application to the Court Reporters Board of California. On May 17, 2012, the Court issued an order addressing Plaintiff's requests and setting a deadline of July 31, 2012, for Plaintiff to make the requisite showing regarding Officer Couch. On July 30, 2012, Plaintiff filed a declaration stating his inability to depose Officer Couch, offering to take Officer Couch's deposition by telephone, and requesting any assistance in prosecuting his case.

Although the Court's prior orders on this issue were clear regarding what is required to take depositions, the Court now issues this final order.

Plaintiff may not depose Officer Couch by telephone and take notes, as he proposed. A deposition by written questions is a formal deposition requiring the presence of an officer to take responses and prepare the record. Fed. R. Civ. P. 31. Plaintiff is unable to compensate an officer, and "'the expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress. . . .'" Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (quoting United States v. MacCollum, 426 U.S. 317, 321, 96 S.Ct. 2086 (1976)). There are no federal public funds available to compensate an officer on Plaintiff's behalf, and the Court is unable to offer any additional assistance to Plaintiff with respect to securing the deposition of Officer Couch.

Accordingly, this issue is now concluded and Plaintiff's declaration is DEEMED ADDRESSED.

IT IS SO ORDERED.

**Dated:   March 21, 2013**             /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE