1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | Case No.  1:08-cv-00653-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO INITIATE CONTEMPT PROCEEDINGS, DENYING CDCR AND CSATF'S MOTIONS TO MODIFY THE SUBPOENAS, AND GRANTING IN PART AND DENYING PART PLAINTIFF'S MOTION TO COMPEL |
| v. | |
| M. A. BAIRES, et al., | |
| Defendants. | |
| | (Docs. 94, 96, and 99) |
| | ORDER STAYING COMPLIANCE WITH ORDER PENDING SETTLEMENT CONFERENCE |

_____/

**I.    Procedural History**

      Plaintiff Alex Lamota Marti ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2008.  This action is proceeding on Plaintiff's amended complaint against Defendants Baires, Garza, and Knight ("Defendants") for retaliation, in violation of the First Amendment of the United States Constitution.  (Docs. 12, 13.)

      Pursuant to the order filed on March 19, 2013, the United States Marshal served subpoenas duces tecum on third parties the California Department of Corrections and Rehabilitation ("CDCR") and the California Substance Abuse Treatment Facility and State Prison ("CSATF") commanding the production of documents and a tangible item.  Fed. R. Civ. P. 45.  The subpoenas

1   were served on March 27, 2013, and March 29, 2013; and the date of production was May 14,

2   2013.  (Docs. 92, 93.)

3          CDCR and CSATF did not respond to the subpoenas and on September 9, 2013, Plaintiff

4   filed a motion to compel compliance.  (Doc. 94.)  On October 1, 2013, the Court directed the

5   Clerk's Office to serve the motion to compel on CDCR and CSATF.  (Doc. 95.)  On October 22,

6   2013, CDCR and CSATF filed a timely motion to modify the subpoenas and a timely response to

7   the motion to compel.  (Docs. 96, 97.)  On October 23, 2013, Defendants filed a reply to CDCR

8   and CSATF's response, and on November 1, 2013, CDCR and CSATF filed a supplemental

9   motion to modify the subpoenas.  (Docs. 98, 99.)  After obtaining an extension of time, Plaintiff

10  filed a reply to CDCR and CSATF's response on December 6, 2013.  (Doc. 107.)

11  **II.     Discussion**

12         **A.      Plaintiff's Request to Initiate Contempt Proceedings**

13         As an initial matter, Plaintiff requests in his motion to compel that in addition to or in lieu

14  of compelling CDCR and CSATF to respond to the subpoenas, the Court should initiate contempt

15  proceedings.

16         Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena commanding the

17  production of documents requires the responding party to permit inspection or copying of the

18  materials.   Following service of a subpoena duces tecum, the responding party may serve

19  objections "before the earlier of the time specified for compliance or 14 days after the subpoena is

20  served," and if an objection is made, the serving party may move for an order compelling

21  production or inspection.  Fed. R. Civ. P. 45(d)(2)(B).  The responding party *may* be held in

22  contempt for failing to obey the subpoena without adequate excuse.  Fed. R. Civ. P. 45(g);

23  *Pennwalt Corp. v. Durand-Wayland*, 708 F.2d 492, 494 (9th Cir. 1983).

24         Sanctions for civil contempt may be imposed to coerce obedience to a court order or to

25  compensate a party for injuries resulting from the contemptuous behavior, or both.[1]   *General*

26  *Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (quotations marks and

27

28  [1] Plaintiff is proceeding pro se and in forma pauperis, and he has not incurred any expense with respect to the service of the subpoenas duces tecum nor has he incurred attorney's fees or other expenses of significance.

2

1   citations marks omitted).  While "there is no good faith exception" to compliance with a court

2   order, *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993),

3   the entities' motivation and the steps they took to comply are nevertheless relevant in contempt

4   proceedings, *see id*.

5           In this instance, the United States Marshal served CDCR and CSATF on March 27, 2013,

6   and March 29, 2013, and the compliance date was May 14, 2013.  (Docs. 92, 93.)  Although

7   CDCR and CSATF argue that they relied on Defendants' counsel for representation and he failed

8   to provide it, they do not submit any evidence of this agreement.   (Doc. 97, Resp., 2:3-8.)

9   Defendants' counsel disputes any such agreement existed and he provides evidence that he

10  notified the Litigation Office of the need to respond directly to Plaintiff with any responsive

11  documents.  (Doc. 98, Resp., Harris Dec., ¶2; Ex. A.)  Counsel also represents that he informed

12  CDCR and CSATF he could not represent them.  (Harris Dec., ¶3.)

13          Given CDCR and CSATF's lack of evidence supporting their argument and Defendants'

14  counsel's documentary evidence supporting the statements in his declaration, there is no basis

15  presented for assigning culpability to Defendants' counsel for the failure to comply with the

16  subpoenas.   It is unclear why CDCR and CSATF did not comply with the subpoenas but

17  nevertheless, nothing in the email provided by Defendants' counsel can be construed to support a

18  reasonable inference that staff were unwilling to comply or were evading compliance.  Given what

19  little the Court has before it regarding non-compliance, the Court does not read any ill motive into

20  the failure to respond.

21          Based on the aforementioned considerations, the Court declines to initiate civil contempt

22  proceedings, as requested by Plaintiff.

23          **B.      Motions to Modify Subpoenas**

24          Rule 45 provides in relevant part that on timely motion, the issuing court must quash or

25  modify a subpoena that (1) requires disclosure of privileged or other protected matter, if no

26  exception or waiver applies, or (2) subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)

27  (quotation marks omitted).

28          Although CDCR and CSATF moved to modify the subpoenas after they were served with

3

1  Plaintiff's motion to compel at the Court's direction on October 1, 2013, almost seven months had

2  passed by then.  Under the circumstances, which include no supported explanation for the failure

3  to comply and evidence of staff awareness of the subpoenas by April 2, 2013, there is simply no

4  basis for a finding of timeliness as to the motions to modify.  *Allstate Ins. Co. v. Nassiri*, No. 2:08-

5  CV-369 JCM (GWF), 2011 WL 4905639, at *1 (D. Nev. Oct. 14, 2011) (magistrate judge did not

6  commit clear error in finding motion to quash or modify subpoena untimely where non-party had

7  3 week notice of deposition but filed motion 3 days before deposition); *North American Co. for

8  Life and Health Ins. v. Philpot*, No. 08cv270 BEN (NLS), 2010 WL 4917065, *2-3 (S.D. Cal.

9  Nov. 24, 2010) (motion to quash filed before date noticed for compliance with subpoena was

10  timely); *Iorio v. Life Ins. Co. of North America*, No. 05cv633 JLS (CAB), 2009 WL 3415689, at

11  *7 (S.D. Cal. Oct. 21, 2009) (motion to quash subpoena commanding appearance at trial filed 6

12  weeks before trial was timely); *Anderson v. Abercrombie and Fitch Stores, Inc.*, No. 06cv991-

13  WQH (BLM), 2007 WL 1994059, at *8 (S.D. Cal. Jul. 2, 2007) (motion to quash filed after date

14  specified for document production was untimely); *see also Moore v. City of St. Augustine, Fla.*,

15  No. 3:12-cv-797-J-20MCR, 2013 WL 1156384, at *1 (M.D. Fla. Mar. 14, 2013) (motion to quash

16  filed more than 40 days after date specified for compliance was untimely).  Therefore, CDCR and

17  CSATF's motions to modify the subpoenas are denied on the ground that they were not timely

18  filed.

19       **C.**     **Plaintiff's Motion to Compel**

20            **1.**     **Other Considerations Governing Disclosure**

21       The determination that CDCR and CSATF's motions to modify the subpoenas were

22  untimely and will not be considered does not necessarily end the inquiry.  The Court is vested with

23  broad discretion to manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.

24  2012); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v.

25  Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and it may, for good cause, enter a protective order,

26  Fed. R. Civ. P. 26(c).  As district courts have recognized, "[d]iscovery in prisoner cases raises

27  unique challenges," *Biscoe v. Garcia*, No. CV11-943-PHX-ROS (LOA), 2012 WL 3228820, at *1

28  (D. Nev. Aug. 6, 2012), and notwithstanding CDCR and CSATF's failure to file a timely motion

4

to modify the subpoenas, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur, *see* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for *in camera* review or move for a protective order).

### 2.    Documents and Tangible Item At Issue

Turning to the specific documents and item sought by Plaintiff, the subpoenas duces tecum commanded CDCR and CSATF to produce the following documents and tangible item:[2]

1.    Any Program Status Report(s) created and/or issued on or about May 31, 2006, as a result of the subject incident involving Plaintiff on May 31, 2006.

2.    Any and all documents which resulted from the investigation into the subject May 31, 2006 incident involving Plaintiff, including but not limited to the Investigative Services Unit (ISU) investigation and the resulting photographs, interviews, notes, etc.

---

[2] Although Plaintiff states he did not see the subpoenas and is unsure what items were requested, the documents and tangible item identified for production were those set forth in the parties' joint statement regarding remaining discovery disputes, filed on December 11, 2012.  (Docs. 88, 92, 93; Doc. 107, Reply, p. 3.)

3.      All documents that evidence, mention or refer to Plaintiff's conduct or disciplinary history at CSATF-SP (California Substance Abuse Treatment Facility and State Prison) during the relevant period of this action, including but not limited to all CDC 114 and CDC 114A Logs prepared pertaining to Plaintiff's segregation periods at CSATF-SP. This would include the Administrative Segregation Log and Detention/Segregation Records as described under the CCR Section 3344, subsections (a) and (b).

4.      The Plaintiff's Sony AM/FM/CD Clock-Radio, Serial Number 1042775, with its metal base plate, which was removed from Plaintiff's cell on May 31, 2006.

CDCR and CSATF represent that Plaintiff has now been provided with responsive documents, with four exceptions: the Program Statements Reports responsive to request 1, two documents identifying a confidential informant responsive to request 2, logs responsive to request 3, and the radio responsive to request 4.  (Docs. 96, 97, 99.)

### a.      Program Statement Reports and Radio

CDCR and CSATF state that the Program Status Reports ("PSRs") at issue in request 1 and the radio at issue in request 4 cannot be produced because they no longer exist.  (Doc. 97, Resp., 2:22-27.)  Plaintiff has neither argued nor supplied evidence refuting that representation and therefore, the Court and Plaintiff must accept the response.  Accordingly, the requests for the PSRs and the radio are moot.

### b.      Documents Identifying Confidential Informant

CDCR and CSATF seek to be shielded from producing two confidential documents responsive to request 2 because they contain the identity of a confidential informant.  (Doc. 97, Resp., 3:1-13; Doc. 96, Motion, 3:13-24, Ex. 1.)   In response, Plaintiff states that CDCR and CSATF's position regarding the confidentiality of the informant is rendered moot by the fact that Plaintiff knows the identity of the confidential informant: A. Davidson, K-80206.  (Doc. 197, Reply, Ex. 1, Ex. 4.)

CDCD and CSATF did not respond further.   Unless inmate Davidson is *not* the confidential informant identified in the two withheld documents, there no longer exists any justification for shielding production of documents identifying Davidson as the informant.

1  Therefore, CDCR and CSATF shall produce the two documents.  They may redact birthdates,

2  social security numbers, addresses, or other similar information which is both sensitive and

3  irrelevant to Plaintiff's claim, if any.  Otherwise, the documents shall be produced to Plaintiff,

4  unredacted.

5                                   **c.      Logs**

6        Finally, CDCR and CSATF have now located logs responsive to subdivision (a) of section

7  3344, as identified in request 3.  (Doc. 99, Motion, 2:26-3:2.)  However, they argue production is

8  burdensome and they raise third party privacy concerns.  (*Id.*, 3:25-27, 3:10-11, 4:12-14.)

9        CDCR and CSATF contend the logs responsive to Plaintiff's request are contained in 10

10  bound logbooks, each of which is approximately 16 by 9 inches.  (*Id.*, 3:3-4.)  Information is

11  logged on a daily basis, and CDCR and CSATF calculate that producing the logs requested will

12  result in the production of approximately 5840 pages, which constitutes a substantial burden for

13  production of documents they argue are useless to Plaintiff.  (*Id.*, 3:4-10.)

14        In reply, Plaintiff argues that CDCR and CSATF failed to object to the subpoenas and they

15  failed to file a timely motion to modify the subpoena, thereby waiving their objections.  (Doc. 107,

16  Reply.)  In addition, Plaintiff argues that he is only seeking the log books for the period of time he

17  was housed in administrative segregation

18        The Court has expended significant resources considering and resolving the parties'

19  discovery disputes, including determining the relevancy of the information and documents sought

20  by Plaintiff.  The parties' joint statement regarding their remaining discovery disputes led directly

21  to the documents and tangible item identified in the subpoenas duces tecum.  Given the case

22  history, the nature of Plaintiff's legal claims, and the waiver of any objections by CDCR and

23  CSATF, the Court is simply not persuaded by CDCR and CSATF's general assertion that the

24  burden of production is so great and the benefit of the logs so insignificant that the logs should not

25  be produced, at least for inspection.

26        Further, although CDCR and CSATF raise third party privacy concerns, they do so only

27  very generally.  *See* Fed. R. Civ. P. 26(c) (good cause required for issuance of protective order); *In*

28  *re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424-25 (9th Cir. 2011)

(broad allegations of harm, unsubstantiated by specific examples or articulated reasoning do not suffice to protect information from disclosure). In so far as it relates to inmates assigned to a particular housing unit, as here, the Court rejects CDCR and CSATF's contention that names and prison identification numbers are confidential. The logs do not contain third parties' birthdates, social security numbers, medical records, and/or other documentation that could be considered sensitive and/or private. Escorts for medical appointments and/or visits to cells by medical staff routinely occur in prison and are readily observable by other inmates. Such events can hardly be legitimately described as private, and the logs provided by CDCR and CSATF contain no examples where an inmate's private medical information was documented in the log. In sum, CDCR and CSATF's vague claim of third party privacy rights is insufficient to demonstrate the existence of any legitimate privacy concerns weighing against disclosure. *E.g.*, *Thomas v. Hickman*, No. 1:06-cv-00215-AWI-SMS, 2007 WL 4302974, at *3-5 (E.D. Cal. 2007); *Allen v. Woodford*, No. CV-F-05-1104-OWW-LJO, 2007 WL 309485, at *6 (E.D. Cal. 2007).

Accordingly, CDCR and CSATF shall produce the log books to Plaintiff for inspection. The inspection may be monitored by prison staff but Plaintiff must be allowed sufficient time to review the logs. If Plaintiff is able to identify any specific relevant entries, those pages shall be copied and provided to Plaintiff, subject to appropriate redaction at the time of copying.

This matter was referred to the Prisoner Settlement Program by the Court and it is set for a settlement conference on June 9, 2014, before the Honorable Carolyn K. Delaney. CDCR and CSATF's compliance with the order to produce the confidential documents and the logs is stayed pending the settlement conference. If the parties are unable to settle this case, the Court will then issue an order directing CDCR and CSATF to produce the documents and logs within thirty days.

III. <u>Conclusion and Order</u>

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's request for the initiation of contempt proceedings, set forth in his motion to compel, is DENIED;

2. CDCR and CSATF's motions to modify the subpoenas duces tecum, filed on October 22, 2013, and November 1, 2013, are DENIED as untimely;

8

3.      Plaintiff's motion to compel, filed on September 9, 2013, is GRANTED as to the two confidential documents responsive to request 2 and as to the logs responsive to request 3, and DENIED as to requests 1 and 4; and

4.      CDCR and CSATF's compliance with this order is stayed pending the settlement conference set for June 9, 2014.


IT IS SO ORDERED.

Dated:    **April 30, 2014**                          **/s/ Sheila K. Oberto**
                                                   UNITED STATES MAGISTRATE JUDGE