# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. A. BAIRES, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No.  1:08-cv-00653-AWI-SKO (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 109) |

　　　　Plaintiff Alex Lamota Marti, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2008.  This action is proceeding on Plaintiff's amended complaint against Defendants Baires, Garza, and Knight for retaliation, in violation of the First Amendment of the United States Constitution.  (Docs. 12, 13.)

　　　　On April 23, 2014, Plaintiff filed a motion seeking the appointment of counsel to represent him during the settlement conference set for June 9, 2014.

　　　　Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not. At this stage, the Court cannot make a finding that Plaintiff's likely to succeed on the merits and Plaintiff is capable of articulating his claims, which do not involve complex legal issues.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **May 1, 2014**                              /s/ Sheila K. Oberto
                                                                  UNITED STATES MAGISTRATE JUDGE