# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX LAMOTA MARTI, | Case No.  1:08-cv-00653-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR COURT ORDER AND REQUESTING CDCR AND CSATF'S COUNSEL CONTACT MCSP |
| v. | |
| M. A. BAIRES, et al., | (Doc. 106) |
| Defendants. | |

Plaintiff Alex Lamota Marti, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2008.  This action is proceeding on Plaintiff's amended complaint against Defendants Baires, Garza, and Knight for retaliation, in violation of the First Amendment of the United States Constitution.  (Docs. 12, 13.)

On December 6, 2013, Plaintiff filed a motion seeking an order requiring Mule Creek State Prison mail room staff to serve documents on Deputy Attorney General Krista Pollard, who represents third parties the California Department of Corrections and Rehabilitation ("CDCR") and the California Substances Abuse Treatment Facility and State Prison ("CSATF"), and Mark Harris, who represents Defendants.  It appears from Plaintiff's explanation that he is encountering difficulty with staff not recognizing his entitlement to meaningful access to the courts with respect to mailing documents to opposing counsel, as an indigent inmate.

The Court does not have jurisdiction over prison officials at Mule Creek State Prison and it cannot issue the order Plaintiff seeks.  *E.g.*, *Summers v. Earth Island Institute*, 555 U.S. 488, 493,

129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). However, the state is required to ensure inmates have meaningful access to the courts, and an inmate's constitutional right to litigate civil rights cases such as this encompasses both a right to affirmative assistance and a right to litigate without undue interference. *Silva v. Di Vittorio*, 658 F.3d 1090, 1101-02 (9th Cir. 2011). To that end, although the Court lacks jurisdiction to issue the order Plaintiff seeks, the Court requests that Ms. Pollard, as an officer of the court, contact the litigation office at Mule Creek State Prison in an effort to ensure that proper procedures are understood and are being followed with respect to Plaintiff's need to serve documents on counsel in this case.[1]

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for an order requiring prison staff to serve counsel is DENIED based on lack of jurisdiction; and

2. Deputy Attorney General Krista Pollard is requested to contact the litigation office at Mule Creek State Prison in an effort to resolve any potential misunderstanding regarding Plaintiff's need to serve documents on counsel for Defendants and counsel for CDCR and CSATF.

IT IS SO ORDERED.

Dated: **May 1, 2014**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] The Court expresses no opinion on what procedures are in effect or whether they are being followed, and the Court does not require a status report.